UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HOLDEN D. HOWARD | CIVIL ACTION NO. 6:21-3840 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| GEICO INSURANCE AGENCY INC. | MAGISTRATE JUDGE PATRICK J. HANNA |

**MEMORANDUM RULING**

Before the Court is Defendant, Geico Casualty Company's ("Geico Casualty"), Motion to Dismiss ("the Motion"). See ECF 19. Also before the Court is a Motion for Summary Judgment filed by Geico Insurance Agency, LLC. See ECF 17. Both motions are unopposed.

**I.    Factual and Procedural Background**

This case stems from a dispute regarding an insurance policy. See ECF 1-4. The Plaintiff, Holden Howard ("Mr. Howard"), alleges that the car that he owned under the policy was stolen, but that Geico has denied coverage for the loss. Id., ¶¶2-5. Mr. Howard originally brought this suit against Geico Insurance Agency, a different Geico entity, in Louisiana state court, but the suit was then removed to federal court. See ECF 4. Fairly early in the proceedings, Mr. Howard became aware that he had brought suit against the wrong entity and amended his Complaint on January 18, 2022, to name Geico Casualty as the proper defendant. See ECF 14. On that same day a new summons was issued. See ECF 15. On June 6, 2022, over 150 days after the Amended Complaint was filed, Geico Casualty filed its Motion to Dismiss under Rule 12(b)(5), claiming that Mr. Howard has not served it properly. See ECF 19. Mr. Howard had until July 6, 2022, to file any opposition to this Motion to Dismiss, but failed to do so.

**II.     Legal Standard**

Rule 12(b)(5) allows for dismissal where there is "insufficient service of process." Fed. R. Civ. P. 12(b)(5); see also Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994) ("A district court, however, has broad discretion to dismiss an action for ineffective service of process"). "[O]nce the validity of service has been contested, the plaintiff bears the burden of establishing its validity." Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

A corporation in the United States can be served in one of two ways: either by 1) complying with state law regarding the service of summons or 2) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process." Fed. R. Civ. P. 4(h)(1). District courts within the Fifth Circuit, as well as at least one other circuit court, have held that mailing the summons and complaint cannot meet this second prong. See Larsen v. Mayo Medical Center, 218 F.3d 863, 868 (8th Cir. 2000) (finding that mailing the summons and complaint did not meet the requirements of Rule 4(h)(1)(B)); Wesenberg v. New Orleans Airport Motel Associates TRS, LLC, 2015 WL 5599012 at *2 (E.D.La. Sep. 22, 2015) ("Courts have consistently held, however, that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail"); Yellow City Remodeling, LLC v. Yellow City Construction, LLC, 2020 WL 9211189 at *2 (N.D.Tex. Dec. 9, 2020) ("Under Federal Rule 4(h)(1)(B), process must be delivered to be effective").

Under Louisiana law, service on a corporation generally requires "personal service on any of its agents for service of process." La. Code Civ. P. Art. 1261. In some

instances, however, where there is no agent for service or where the party is unable to serve the designated agent, other means of service are available. Id.  However, for one of these alternative means of service to be valid, the plaintiff must show that the typical requirement of personal service on an agent for service of process was unavailable.  See Scott Fence Industries v. Neuenhaus, 490 So.2d 1132, 1134 (La. App. 5th Cir. 1986) ("A plaintiff must first make a diligent effort to serve a corporation's registered agent for service of process before using an alternative form of service on a corporation").

Service is typically required within 90 days of the complaint being filed.  Fed. R. Civ. P. 4(m).  If a plaintiff fails to serve the defendant within that time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.  However, if the plaintiff can show "good cause for the failure] to serve the defendant "the court must extend the time for service for an appropriate period."  Id.  A showing of good cause "require[s] *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."  Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).  Generally, dismissal under this rule is without prejudice.  See Newby v. Enron Corp., 284 F.App'x 146, 149 (5th Cir. 2008) ("Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served" in a timely manner).

### III.   Application

Geico Casualty claims that it has not been served properly under Rule 4(h), and that as a result dismissal is proper.  Since the validity of the service has been challenged,

it is Mr. Howard's burden to establish valid service.  See Carimi, 959 F.2d at 1346.  However, Mr. Howard has failed to respond to the Motion to Dismiss.  Notably, under the Western District of Louisiana's Local Rule 7.5, the failure to file a timely response seemingly indicates that there is no opposition to the Motion.  Local Rule 7.5.  Thus, it would appear to the Court that at this stage service has not been properly completed.

Further, it has been over 90 days since the Amended Complaint was filed, making dismissal mandatory unless Mr. Howard can show good cause for his failure to effect service.  Mr. Howard had ample opportunity to demonstrate such good cause in response to the present Motion but has failed to do so.  Consequently, it would appear that dismissal without prejudice is proper in this instance.

### IV.     Motion for Summary Judgment

The Court also notes that there is currently a pending Motion for Summary Judgment, which was filed by Geico Insurance Agency, LLC, who was originally named as a defendant in this suit.  See ECF 17.  This Motion asks for the Court to dismiss any claims against Geico Insurance Agency as they did not have a policy with Mr. Howard.  Id.  In reviewing this, however, the Court notes that this Motion is moot as Geico Insurance Agency was terminated as a defendant when Mr. Howard filed his amended complaint.  As such, there are no current claims pending against Geico Insurance Agency which the Court could dismiss.  As such, the Motion for Summary Judgment is **DISMISSED AS MOOT**.

### V.     Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF 19) is **HEREBY GRANTED** and the claims against Geico Casualty Company are **DISMISSED WITHOUT PREJUDICE**. The Motion for Summary Judgment (ECF 17) filed by Geico Insurance Agency, LLC is **DENIED AS MOOT**. The Court notes that this action closes the case at this time.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 3rd day of August, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT